COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-384-CR
 
EDWARD JAY BREEDEN, JR.                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                       
STATE
------------
FROM THE 372
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Edward Jay Breeden, Jr. appeals
from the trial court's order denying his motion for postconviction DNA testing.
In his sole point, he complains that the trial court improperly considered his
guilty plea in denying the motion. We will affirm.
In 1999, appellant was convicted by
a jury of aggravated sexual assault of a child under age fourteen and sentenced
to twenty-five years' confinement. We affirmed appellant's conviction and
sentence. Breeden v. State, No. 02-99-058-CR (Tex. App.--Fort Worth
Aug. 17, 2000, pet. ref'd) (not designated for publication). In September 2001,
appellant filed a motion for DNA testing, which the trial court denied on the
basis that appellant had failed to meet the requirements for DNA testing set out
in article 64.03 of the code of criminal procedure.
Article 64.03 provides that a
convicting court may order forensic DNA testing only if the court finds, among
other things, that the evidence still exists and that identity was or is an
issue in the case. Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2003).
In addition, the convicted person must establish by a preponderance of the
evidence that a reasonable probability exists that the person would not have
been prosecuted or convicted if exculpatory results had been obtained through
DNA testing. Id.; Bell v. State, 90 S.W.3d 301, 306 (Tex.
Crim. App. 2002); Kutzner v. State, 75 S.W.3d 427, 438-39 (Tex. Crim.
App. 2002). A convicted person is not entitled to DNA testing that would
"merely muddy the waters." Kutzner, 75 S.W.3d at 439 &
n.27.
In reviewing the trial court's
ruling on a motion for DNA testing, we afford almost total deference to a trial
court's determination of issues of historical fact and
application-of-law-to-fact issues that turn on credibility and demeanor, while
we review de novo other application-of-law-to-fact issues. Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). The ultimate question of whether a
reasonable probability exists that exculpatory DNA tests would prove innocence
falls into this last category and is therefore reviewed de novo. Id.
In a case where the movant for DNA
testing pleaded guilty, the convicting court is prohibited from finding that
identity was not an issue based solely on that plea. Tex. Code Crim. Proc. Ann.
art. 64.03(b); Bell, 90 S.W.3d at 307 n.2. Here, appellant did not
plead guilty; he was found guilty by a jury. Then, at the punishment phase of
trial, he testified and admitted to oral-genital contact with the victim. The
record does not show, however, that the trial court denied appellant's motion
for DNA testing based solely on this admission. To the contrary, the record
shows that there was no evidence available to be tested and that appellant did
not meet his burden of establishing a reasonable probability that DNA test
results would have exonerated him.
Dr. Leah Lamb, the physician who
examined the victim, testified that oral-genital contact does not normally leave
physical findings and that she did not find any in this case. Moreover, the
victim had urinated before the physical examination, which Dr. Lamb testified
greatly diminished any ability to collect or test saliva taken from the victim's
genital area. Also, there is no evidence that any samples were ever collected
from the victim, and appellant does not contend that samples could be taken at
this late date. Because no evidence exists that could be tested and nothing in
the record suggests that the absence of appellant's DNA would indicate his
innocence, the trial court properly ruled that appellant was not entitled to DNA
testing. See Rivera, 89 S.W.3d at 59-60 (holding that trial court
properly denied motion for DNA testing where absence of DNA evidence would not
have indicated movant's innocence).
We overrule appellant's point and
affirm the trial court's order.
 
                                                                      
PER CURIAM
 
PANEL F: CAYCE, C.J.; DAY and
LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 10, 2003

1. See Tex. R. App. P. 47.4.